UNITED STATES of America and Patrick W. McDermott, Special Agent of the Internal Revenue Service, Petitioners-Appellees,

v.

Sam GILPIN, as President of Illinois Office Supply Company, and Illinois Office Supply Company, Respondents-Appellants.

No. 76–1359.

United States Court of Appeals, Seventh Circuit.

Argued June 4, 1976.

Decided Sept. 3, 1976.

Lewis M. Porter, Jr., Chicago, Ill., for respondents-appellants.

Samuel K. Skinner, U. S. Atty., Chicago, Ill., Scott P. Crampton, Asst. Atty. Gen., William A. Whitledge, Atty., Tax Div., Dept. of Justice, Washington, D. C., for petitioners-appellees.

Before CUMMINGS and BAUER, Circuit Judges, and GRANT, Senior District Judge.*

PER CURIAM.

Appellees, United States of America and Internal Revenue Special Agent Patrick W. McDermott, filed a petition on 25 September 1975 in the United States District Court for the Northern District of Illinois, Eastern Division, to enforce compliance with an Internal Revenue Service summons. The summons sought the production of designated books and records of Appellant Gilpin for the years 1969 through 1972 and Gilpin's testimony relating to the tax liability of Illinois Office Supply Company, the corporation of which Gilpin is president. The district court entered an order on 21 October 1975 requiring appellants to show cause why they should not comply with the terms of the summons. Appellants responded and filed a motion to dismiss. Subsequently, on 9 January 1976, a hearing was held on the order to show cause. On 22 January 1976, the court ordered that the summons be enforced and entered as its Findings of Fact and Conclusions of Law those submitted by appellees. Thereafter, appellants' motion for new trial was denied by the district court for the reason that the "new evidence neither contradicts nor alters the evidentiary basis upon which this court determines that the investigation had not been completed." Appellants thereupon filed the instant appeal.

Appellants contend that § 7605(b) of the Internal Revenue Code of 1954 authorizes only one inspection of a taxpayer's books of account for each taxable year unless, after investigation, the Commissioner notifies the taxpayer that an additional inspection is necessary. In this regard, appellants assert that the Revenue Agent who conducted the investigation in this case, Robert Chejlava, had completed his examination and that the summons issued herein was in aid of a second examination for which the statutory notice requirement was not fulfilled. Appellants assert that Agent Chejlava's testimony as to whether he completed his examination lacks trustworthiness in that he pre-

---

* Senior District Judge Robert A. Grant of the United States District Court for the Northern District of Indiana is sitting by designation.

viously admitted to the bookkeeper, Verna Irwin, having completed his examination of the taxpayer prior to the summons hearing. Even if Agent Chejlava did not complete his examination, however, appellants contend that the district court's conclusion that the notice provisions of § 7605(b) are inapplicable is not supported by the record. Finally, appellants claim that the summons in review here was issued merely to harass them. This court is urged, then, for the above reasons, to reverse the order of the district court with directions to dismiss the petition with prejudice.

Appellees respond by saying that the enforcement of the summons herein, which was issued as part of an ongoing investigation, does not constitute a second inspection within the meaning of § 7605(b). In this regard, although it is admitted that the facts of this case are somewhat in dispute, appellees claim that Agent Chejlava, while he was still examining the taxpayer's books, discovered an indication of fraud. Thereupon, as required by IRS procedure, he referred the case to the Intelligence Division which then issued the summons. In such a situation, appellees contend that a second inspection notice is not required. This is especially so, say appellees, where the facts of this case show that the Revenue Agent had not completed his audit of taxpayer when the matter was referred to intelligence. Furthermore, appellees assert that Agent Chejlava's purported admission is inconsistent with the other facts of the case. Here, appellees are referring to the testimony of bookkeeper Irwin who stated that Agent Chejlava had said that he had completed the corporation audit a year prior to the issuance of the summons. Appellees contend that this uncorroborated testimony, which the trial court found to be less credible than that of Agent Chejlava, should not be controlling in this appeal. Finally, appellees argue that the time spent by Agent Chejlava on the audit is irrelevant to the determination of whether the Service was entitled to the enforcement of the summons. For all of these reasons, appellees ask this court to affirm the district court's decision to enforce the Internal Revenue Service summons.

The sole issue that is presented in this appeal is whether the summons issued herein was part of an ongoing investigation, or whether the issuance of the summons constituted a second inspection within the meaning of Section 7605(b) of the Internal Revenue Code of 1954. Because we find that the investigation of appellants in this case was an ongoing, continuous, and uninterrupted examination into appellants' potential tax liability, we must affirm the judgment of the district court. Accordingly, based on a review of the applicable law and for the reasons which follow, we find no error in the trial court's conclusion that the summons issued by the Internal Revenue Service herein is valid and entitled to enforcement.

■ Section 7605(b) of the Internal Revenue Code of 1954 provides that:

"No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

With respect to this Section of the Code, it is clear in this Circuit that no second inspection notice is required if it is factually established that the Agent involved had not completed his examination when he referred the case to a Special Agent for further investigation. *United States v. Interstate Tool & Engineering Corp.*, 526 F.2d 59, 62 (7th Cir. 1975); *United States v. Kendrick*, 518 F.2d 842, 848–850 (7th Cir. 1975); See also *United States v. Schwartz*, 469 F.2d 977, 983–985 (5th Cir. 1972). In this regard, it is established procedure that when, during his investigation, a Revenue Agent discovers an indication of fraud, he is required to cease his examination and refer the case to the Intelligence Division. Internal Revenue Service Manual, Part IV, Section 4565.2.

In the present case, Agent Chejlava testified in the district court that he had not completed the audit and had not closed out any of the years in question when he made his referral to the Intelligence Division in August of 1974. He went on to state that the referral was prompted by the realization that there existed a possibility of fraud. The only evidence to the contrary was that of appellants' bookkeeper, Verna Irwin, who testified that Agent Chejlava stated at a summons hearing on 29 January 1975 that he had completed the corporate auditing some time in early 1974. The trial court, as it is empowered to do as the trier of fact, elected to give more weight to the testimony of Agent Chejlava and the other evidence relating thereto than that of the witness Irwin; and based on our own careful review of the record in this case, we cannot say that the court below abused its discretion in this matter or that its findings were erroneous. *Interstate Tool, supra.* Based on our review of the facts and circumstances of the instant case, there was ample evidence upon which the district court could have concluded, as it did, that the summons herein was part of an ongoing investigation that had commenced with Agent Chejlava's audit in July of 1972; that the audit had not been completed when the matter was referred to Special Agent McDermott of the Intelligence Division; and that, therefore, the "second inspection" provisions of 26 U.S.C. § 7605(b) were not applicable.

Finally, we do not consider appellants' contention that Agent Chejlava had substantially understated the amount of his audit time in connection with his examination of the taxpayer as being dispositive of the instant appeal. Although we recognize the discrepancy that exists in the record as to the actual time spent by Agent Chejlava in this investigation, and that an investigation of this type should not be prolonged beyond any reasonable need, we will not exercise our supervisory power and intervene in an agent's decision to engage in further examination unless it is shown by the taxpayer that the agent has abused his discretion in wielding the extensive powers granted to him by the Internal Revenue Code. *United States v. Crespo*, 281 F.Supp. 928, 934 (D.Md.1968). Appellants have failed to show, and we can find no such abuse of discretion in the instant case.

For many years, we and other courts have been plagued with second investigation notice cases. To save the Internal Revenue Service, Department of Justice, private counsel's and the courts' valuable time, the I.R.S. should more commonly notify taxpayers "in writing that an additional investigation is necessary" under 26 U.S.C. § 7605(b).

For the reasons stated above, therefore, the decision of the district court to enforce the Internal Revenue summons must be AFFIRMED.