**UNITED STATES of America and Ray E. Shields, Special Agent, Internal Revenue Service, Petitioners-Appellants, Cross-Appellees,**

v.

**Robert LENON, President of Lenon Service, Inc., Respondent-Appellee, Cross-Appellant.**

No. 78–1291, 78–1301.

United States Court of Appeals, Seventh Circuit.

Argued June 12, 1978.

Decided July 10, 1978.

Rehearing and Rehearing In Banc Denied Sept. 21, 1978.

William A. Whitledge, Tax Div., Dept. of Justice, Washington, D. C., for petitioners-appellants, cross-appellees.

Robert E. Meldman, Milwaukee, Wis., for respondent-appellee, cross-appellant.

Before FAIRCHILD, Chief Judge, and SPRECHER and BAUER, Circuit Judges.

SPRECHER, Circuit Judge.

The issue presented in this appeal is whether the district court properly refused to enforce a substantial portion of an Internal Revenue summons on the grounds that the Commissioner was allegedly already in possession of the sought after documents and that the Commissioner failed to provide notice to the taxpayer according to required administrative procedures.

I

Robert Lenon (taxpayer) is the president of Lenon Service, Inc., a Subchapter S small business corporation doing business in Wisconsin. In February 1976, Revenue Agent Earl Heiting of the Internal Revenue Service (IRS) was assigned to conduct an audit of the income tax liability of taxpayer for the years 1973, 1974 and 1975. The examination began as a routine "quality audit" (Int. Rev. Manual ¶ 4233(2)). Agent Heiting asked for certain records of the corporation as he needed them and all of these records were voluntarily produced for examination. Heiting made copies of a few of the documents examined, taking notes as to the rest.

After examining these records but prior to a determination of taxpayer's liability, Heiting purportedly discovered an indication of possible fraud and referred the case to the IRS Intelligence Division as required by the Internal Revenue Manual (Int. Rev. Manual ¶ 9322.1). In August 1976, Special Agent Ray Shields of the Intelligence Division began an investigation of taxpayer to ascertain whether taxpayer had violated the criminal provision of the Internal Revenue Code or whether the tax returns were fraudulent for the purposes of the 50% civil fraud penalty (26 U.S.C. § 6653(b)).

After conferring with Agent Heiting to discover which documents Heiting had examined, Special Agent Shields concluded that it would be necessary for him to examine the books and records himself. Special Agent Shields had seen none of the records of the corporation and did not have possession of the records or any copies thereof, except for the few copies which Agent Heiting had made. On September 28, 1976, Special Agent Shields issued a summons to taxpayer, as president of Lenon Service, Inc., to produce for inspection the bank account records, books, and journals of original and subsidiary ledgers, corporate minutes, and rental records of receipts and expenses of Lenon Service, Inc. At the return date of the summons, taxpayer appeared with counsel and refused to produce any books or records or to testify at the hearing.

Special Agent Shields thereupon filed a petition to enforce the summons. After a hearing before a United States Magistrate, it was recommended that the summons be enforced in its entirety. The district court, after reviewing the record and proceedings, denied enforcement as to most of the requested items. The Commissioner appeals and taxpayer cross-appeals.

II

■ An analysis of the issues presented in this case must begin with the Supreme Court's decision in *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d

112 (1964), where it was held that in order to enforce an Internal Revenue summons, the Commissioner

> must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed . . . .

Once a prima facie showing has been made that these requirements have been met, the burden of showing why enforcement of the summons should not proceed rests with the party summoned. 379 U.S. at 58, 85 S.Ct. at 255. In the instant case the district court ruled that the IRS had failed to fulfill the final two requirements of *Powell.*

█ The district court ruled that the government must be considered in possession of the documents sought by the summons. This determination was based on the reasoning that the audit by Agent Heiting had been completed and that, as a result of his investigation, the government had seen the documents and therefore was in possession of them. We disagree with this conclusion.

We note first that Agent Heiting had not completed his audit of the taxpayer and that he could have asked to see the books again as part of his audit. Agent Heiting testified that his audit was not complete (Tr. at 65). Moreover, Agent Heiting stated that he needed to look at the books in order to complete his audit since he was not in possession of them (Tr. at 66). On this basis alone, it is reasonable to conclude that the government had met its *Powell* requirement of showing that the sought after material was not already in the government's possession.

A second and even more compelling reason for reaching this conclusion follows from the fact that the case had been referred to Special Agent Shields for further investigation. The nature of Special Agent Shields' tax fraud audit was very much different in both approach and extent from the routine, "quality audit" made by Agent

Heiting. *See Generally Donaldson v. United States,* 400 U.S. 517, 534–35, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *United States v. Beckwith,* 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976). In no manner could Agent Heiting's perusal of taxpayer's books for his routine audit fulfill Special Agent Shields' investigative needs. Therefore the government was not already in possession of the documents sought in the summons.

The only case we have found contrary to this conclusion is *United States v. Pritchard,* 438 F.2d 969 (5th Cir. 1971). There, under circumstances factually similar to this case, it was held that the government had failed to make its prima facie showing that it was not in possession of the information. Subsequently, however, *Pritchard* was clarified in *United States v. Garrett,* 571 F.2d 1323 (5th Cir. 1978), and *Pritchard* was explained to require denial of enforcement of the summons where no claim of lack of possession is made on the part of the government by affidavit or otherwise.

In the instant case, Special Agent Shields filed an affidavit (Exhibit B to Petition to Enforce Internal Revenue Summons) declaring that the United States was not in possession of the sought after documents. This claim of lack of possession was repeated at the hearing conducted by the magistrate. We therefore conclude that the government has satisfied the requirement that it not already be in possession of the summoned documents and that no substantial deficiencies in the summons procedure are involved. *See also United States v. Newman,* 441 F.2d 165, 169 (5th Cir. 1971); *United States v. Schwartz,* 469 F.2d 977 (5th Cir. 1972).

### III

The second reason the district court gave for not enforcing the summons was that the IRS had not sustained its burden of showing that the required administrative procedures had been followed. In particular, under 26 U.S.C. § 7605(b) only one inspection of a taxpayer's books is allowed in any one year without written notice that an additional inspection is necessary. The district

court ruled that this notice was necessary in this case and that it was not given. Therefore, enforcement of the summons was denied.

A second inspection notice is not necessary where a second inspection is sought to be made as part of a continuing investigation. *United States v. Kendrick*, 518 F.2d 842 (7th Cir. 1975); *United States v. Interstate Tool & Engineering Corp.*, 526 F.2d 59 (7th Cir. 1975). Agent Heiting had not fully completed his audit when he referred the case to Special Agent Shields for possible tax fraud. Under these circumstances, we hold that this case is controlled by our recent decision in *United States v. Gilpin*, 542 F.2d 38, 40 (7th Cir. 1976), that "it is clear in this Circuit that no second inspection notice is required if it is factually established that the Agent involved had not completed his examination when he referred the case to a Special Agent for further investigation." Therefore, the Commissioner has met the required administrative procedures for enforcement of the summons.

## IV

Taxpayer cross-appeals from the district court's order enforcing a portion of the summons. Taxpayer's argument, however, is premised on the issues discussed above in connection with the appeal by the Commissioner and is controlled by our holdings there. The district court properly enforced this portion of the summons.

In conclusion, for the reasons discussed above, we hold that the district court erred in denying enforcement of the bulk of the summons and that the district court properly enforced the remainder of the summons. The final result is that the summons should be enforced in total and the petition to enforce the summons should be granted.

AFFIRMED IN PART AND REVERSED IN PART.