668 F.2d 1161
 82-1 USTC P 9159
 UNITED STATES of America and Jerry Shea, Special Agent of
the Internal Revenue Service, Petitioners-Appellants,
v.
Bennie SILVESTAIN, C. P. A., and Wenner, Silvestain and Co.,
C. P. A.'s, Respondents-Appellees,
and
Alvin E. Woodley, Intervenor-Appellee.
 No. 80-1312.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 18, 1982.
 
 Thomas M. Preston, Jr., Washington, D.C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Michael L. Paup, and Charles E. Brookhart, Attys., Tax Div., U.S. Dept. of Justice, Joseph F. Dolan, U.S. Atty., D. Colo., Denver, Colo., of counsel, with him on the briefs, for petitioners-appellants.
 Chester J. Stern, Drexler, Wald & Abramovitz, P. C., Denver, Colo. (Stanley L. Drexler and Michael J. Abramovitz, Denver, Colo., with him on the brief), for intervenor-appellee.
 Before HOLLOWAY, McKAY, and SEYMOUR, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 The Internal Revenue Service (IRS) seeks enforcement of a summons issued to Bennie Silvestain, C.P.A., and Wenner, Silvestain and Company, C.P.A.'s ordering Mr. Silvestain to appear before Revenue Agent Shea and to produce information and documents relevant to the tax liabilities of Mr. and Mrs. Alvin Woodley.[1] The requested documents were located in Mr. Silvestain's office at the time the summons was issued.[2] Taxpayer exercised his rights pursuant to section 7609(b)(2) (Supp.1981) of the Internal Revenue Code and stayed compliance with the summons. Shortly thereafter, the District Court for the District of Colorado held an evidentiary hearing on the IRS petition to enforce the summons.
 
 
 2
 Testimony at this hearing revealed the following facts. In February, 1977, Revenue Agent Linda Robbins was assigned to conduct a routine audit of taxpayer's income tax liabilities for 1974 and 1975. For convenience, taxpayer's records were placed in accountant Silvestain's offices. Mr. Silvestain had not participated in the preparation of the 1974 and 1975 tax returns. Furthermore, because the audit was to be conducted during the tax preparation season, Mr. Silvestain advised taxpayer that he could spend little time on his problem. Taxpayer explained to Mr. Silvestain how he had prepared his returns, and Mr. Silvestain took notes. Taxpayer also granted the accountant a power of attorney authorizing him to act on taxpayer's behalf. Agent Robbins examined taxpayer's books and records, making only two photocopies of the material. In May, 1977, after approximately twenty hours of examination, Agent Robbins suspended her audit based on her conclusion that there was a possibility of fraud involved in the case. Pursuant to established IRS procedures, she then referred the case to the Intelligence Division (now called the Criminal Investigation Division), where the case was assigned to Special Agent Jerry Shea for investigation. In September, 1977, Agent Shea issued the summons which is the subject of this action.
 
 
 3
 In the court below, appellees challenged the summons alleging (1) that the IRS already possessed the requested information; (2) that Agent Shea was attempting a "second examination" of taxpayer's records without following the statutory notice requirements of section 7605(b) of the Internal Revenue Code; and (3) that compliance with the summons would violate his fifth amendment rights. The district court held that the evidence demonstrated that "(t)he government in this case has had its inspection" and denied enforcement of the summons, holding that such an inspection was prohibited without written notice by the Secretary of Treasury as required by Section 7605(b) of the Code.[3] The court also stated that "the facts support the conclusion that Mr. Silvestain is a bailee only and that the taxpayer still maintains constructive possession (of the records)," so that compliance with the summons would indeed violate his fifth amendment rights. The government now appeals the district court's order denying enforcement of the summons.
 
 
 4
 The Supreme Court in United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), held that in order to enforce an Internal Revenue summons, the Commissioner
 
 
 5
 must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed ....
 
 
 6
 Id. at 57-58, 85 S.Ct. at 255. The Government must make a prima facie showing that these requirements have been met. The burden then shifts to the party summoned to show why the summons should not be enforced. Id. at 58, 85 S.Ct. at 255. Appellee claims that the Government did not fulfill the final two requirements enunciated in Powell. There is no suggestion that the IRS did not have a legitimate and institutional purpose for issuing the questioned summons.
 
 I. IRS Already in Possession of Documents
 
 7
 First, the appellee claims that during Agent Robbins' investigation, the IRS had inspected every item sought under the summons, and therefore must be deemed already to be in possession of the requested information. We cannot agree. As courts in other circuits have noted, a tax fraud audit differs both quantitatively and qualitatively from a routine audit, so that the latter "does not fulfill the needs of a special agent investigating fraud." United States v. Popkin, 623 F.2d 108, 109 (9th Cir. 1980). See also United States v. Lenon, 579 F.2d 420, 422 (7th Cir. 1978). Therefore, the government cannot be deemed to be already in possession of the documents requested in the summons by virtue of Agent Robbins' initial inspection.
 
 II. Second Inspection Notice
 
 8
 Second, appellee claims that the IRS failed to follow IRS administrative procedures as required by Powell. In particular, appellee maintains that under 26 U.S.C. § 7605(b) only one inspection of a taxpayer's records for a tax year is allowed without written notice that a second inspection is necessary. Again, we disagree with taxpayer's contention. It is well settled in other circuits that a second inspection notice is not required where a second inspection is, for all intents and purposes, part of a continuing investigation. See, e.g., United States v. Jones, 630 F.2d 1073, 1080-81 (5th Cir. 1980); United States v. Garrett, 571 F.2d 1323, 1328-29 (5th Cir. 1978); United States v. Schwartz, 469 F.2d 977, 982-85 (5th Cir. 1972); United States v. Held, 435 F.2d 1361, 1366 (6th Cir. 1970), cert. denied, 401 U.S. 1010, 91 S.Ct. 1255, 28 L.Ed.2d 545 (1971), aff'g 315 F.Supp. 352, 356-57 (E.D.Tenn.1970); United States v. Lenon, 579 F.2d 420, 423 (7th Cir. 1978); United States v. Gilpin, 542 F.2d 38, 40-41 (7th Cir. 1976); United States v. Interstate Tool & Engineering Corp., 526 F.2d 59, 62 (7th Cir. 1975); United States v. Kendrick, 518 F.2d 842, 848-50 (7th Cir. 1975); United States v. Giordano, 419 F.2d 564, 567-68 (8th Cir.), cert. denied, 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970); United States v. Popkin, 623 F.2d 108, 109 (9th Cir. 1980). But see United States v. Davis, 636 F.2d 1028, 1038 n.9 (5th Cir.), cert. denied,--- U.S. ----, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981).
 
 
 9
 It is apparent from the record that Agent Robbins had not completed her audit at the time she transferred the case to the Intelligence Division. She merely interrupted her audit, as prescribed by IRS procedures, when she found indications of fraud. We conclude that when, as in this case, a revenue agent suspects fraud and routinely and promptly transfers the case to a special agent without completing the audit, the special agent is merely continuing the initial investigation, so that no second inspection is undertaken, and hence the notice provisions of section 7605(b) do not come into play. See United States v. Lenon, 579 F.2d 420, 422-23 (7th Cir. 1978); United States v. Gilpin, 542 F.2d 38, 40 (7th Cir. 1976); United States v. Popkin, 623 F.2d 108, 109 (9th Cir. 1980). The district court erred in finding the Government had not met the required administrative procedures for enforcement of the summons.
 
 III. Fifth Amendment Claim
 
 10
 Taxpayer also alleges that his constitutional privilege against compulsory self-incrimination would be violated by the compelled production of the documents sought by the IRS. Although the summons is directed to Mr. Silvestain, taxpayer contends that the accountant is a mere conduit for the taxpayer, so that the compulsion of the summons enforcement is actually directed against the taxpayer. Again, we disagree.
 
 
 11
 The Supreme Court has established that possession rather than ownership bears the most significant relationship to the fifth amendment protection against governmental compulsion of evidence. Fisher v. United States, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); Couch v. United States, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). The Court noted that in certain limited circumstances, constructive possession may establish the basis for constitutional protection, "where constructive possession is so clear or the relinquishment of possession is so temporary and insignificant as to leave the personal compulsions upon the accused substantially intact." Fisher v. United States, 425 U.S. at 398, 96 S.Ct. at 1574, citing Couch v. United States, 409 U.S. at 333, 93 S.Ct. at 618. As examples of the circumstances under which constructive possession might arise, the Court cited Schwimmer v. United States, 232 F.2d 855 (8th Cir. 1956), and United States v. Guterma, 272 F.2d 344 (2d Cir. 1959). In both of these cases, the records sought were located on the premises of the subpoenaed party, but remained solely under the control of the person under investigation, either in a locked file cabinet or a locked safe. We view the Supreme Court's reference to constructive possession to encompass situations in which the records sought remain within the actual physical control of the party asserting the constitutional privilege even though they may be placed with another party for custodial safekeeping. See In re Horowitz, 482 F.2d 72, 86 n.19 (2d Cir.), cert. denied, 414 U.S. 867, 94 S.Ct. 64, 38 L.Ed.2d 86 (1973); United States v. Jones, 630 F.2d 1073, 1076-80 (5th Cir. 1980); In re Grand Jury Proceedings, 520 F.2d 904, 906-07 (8th Cir. 1975), cert. denied, 423 U.S. 1050, 96 S.Ct. 778, 46 L.Ed.2d 639 (1976). This conclusion is supported by the Supreme Court's decision in Fisher v. United States, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). There the taxpayer had transferred his records to his attorney one day before the IRS issued a summons to the attorney. In rejecting the taxpayer's claim that the attorney merely had constructive possession, the Court stated,
 
 
 12
 Nor is this one of those situations, which Couch suggested might exist, where constructive possession is so clear or relinquishment of possession so temporary and insignificant as to leave the personal compulsion upon the taxpayer substantially intact. 409 U.S., at 333, (93 S.Ct., at 618). In this respect we see no difference between the delivery to the attorneys in these cases and delivery to the accountant in the Couch case. As was true in Couch, the documents sought were obtainable without personal compulsion on the accused.
 
 
 13
 * * * Here, the taxpayers retained any privilege they ever had not to be compelled to testify against themselves and not to be compelled themselves to produce private papers in their possession. This personal privilege was in no way decreased by the transfer. It is simply that by reason of the transfer of the documents to the attorneys, those papers may be subpoenaed without compulsion on the taxpayer. The protection of the Fifth Amendment is therefore not available. (Emphasis in original.)
 
 
 14
 Id. at 398-99, 96 S.Ct. at 1574-1575. In the present case, Mr. Silvestain, not the taxpayer, is being compelled to produce the records. The record does not support the conclusion that Mr. Silvestain was given the records merely for custodial safekeeping. Because the enforcement of the summons involves no compulsion directed to the taxpayer, the district court erred in finding that the records in the actual possession of the accountant with power of attorney to deal with them were nonetheless in the taxpayer's constructive possession.
 
 
 15
 Based on this court's holding in United States v. Coopers & Lybrand, 550 F.2d 615 (10th Cir. 1979), taxpayer also makes a "work product" argument concerning the accountant's notes which have already been turned over to the IRS for photocopying. These notes were not requested in the summons and therefore are irrelevant to this case.
 
 
 16
 The order of the district court is reversed and the petition to enforce the summons should be granted.
 
 
 17
 REVERSED.
 
 
 
 [1]
 Mrs. Woodley filed a joint return with her husband, but otherwise is not involved in this action. Therefore, all references to the taxpayer will be singular
 
 
 [2]
 The records were transferred to taxpayer's attorney after the summons was issued. However, the Supreme Court has stated that "the rights and obligations of the parties (are) fixed when the summons (is) served, and the transfer did not alter them." Couch v. United States, 409 U.S. 322, 329 n.9, 93 S.Ct. 611, 616, n.9, 34 L.Ed.2d 548 (1973)
 
 
 [3]
 Section 7605(b) of the Internal Revenue Code of 1954 (26 U.S.C. § 7605(b)) provides that:
 No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.