**UNITED STATES of America, and Stephen S. Glotzbach, Revenue Agent, Plaintiffs,**

v.

**Philip MARTIN, Director of Property Valuation, State Office Building, State of Kansas, Topeka, Kansas, Defendant.**

**No. 82–4067A.**

United States District Court,
D. Kansas.

April 21, 1982.

Yet his administrative tort claim was not

Jim J. Marquez, U. S. Atty., Topeka, Kan., Glen R. Dawson, Dept. of Justice, Washington, D. C., for plaintiffs.

Alan F. Alderson, Kansas Dept. of Revenue, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an action by the United States of America to enforce a summons issued under Section 7602 of the Internal Revenue Code on Mr. Philip Martin, Director of Property Valuation for the State of Kansas. The key issue facing this court is whether Mr. Martin may refuse to comply with the summons on the grounds that K.S.A. § 58–2223(b) directs that the information sought by the summons not be disclosed.

In this case, the summons asks that Mr. Martin produce two certificates of property value relating to property sold and property bought by taxpayers. K.S.A. § 58–2223b provides:

> The contents of . . . [certificates of value] shall be made available not only to the county clerk for the purpose of preparing the report to the director of property valuation but the information in such certificates shall be made available to the county assessor and appraisers employed by the county for appraisal of property located within the county, if any, and to the board of county commissioners but shall not be otherwise disclosed by any party having access to them to anyone other than the director of property valuation or to the board of tax appeals in the event of proceedings before that board.

The burden of proof in IRS summons enforcement cases was recently reviewed by the Tenth Circuit in *United States of America v. Bennie Silvestain, et al.*, 668 F.2d 1161 (10th Cir., 1982):

> The Supreme Court in *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13

presented until more than two years later.

L.Ed.2d 112 (1964), held that in order to enforce an Internal Revenue summons, the commissioner

> must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed....

*Id.* at 57–58, 85 S.Ct. at 255. The Government must make a prima facie showing that these requirements have been met. The burden then shifts to the party summoned to show why the summons should not be enforced. *Id.* at 58, 85 S.Ct. at 255.

(At 1163).

We believe the Government has satisfied its burden of proof with the affidavits filed with the petition. Therefore, it is incumbent upon the defendant to show why the summons should not be enforced.

Defendant relies on K.S.A. § 58–2223b to satisfy its burden. Defendant cannot prevail with this argument. The United States Constitution provides that "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; ... shall be the supreme law of the Land ..." U.S.Const. art. VI, cl. 2. State laws which substantially interfere with the execution of federal laws are preempted by the operation of the Supremacy Clause. *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262, 99 S.Ct. 1096, 1099, 59 L.Ed.2d 296 (1979). In general, state laws in conflict with the execution of federal internal revenue statutes have been made to yield. *U. S. v. Dallas National Bank*, 152 F.2d 582 (5th Cir. 1946); *U. S. v. City of Greenville*, 118 F.2d 963 (4th Cir. 1941); *U. S. v. Pettyjohn*, 84 F.Supp. 423 (W.D.Mo.1949). State laws impeding the enforcement of IRS summons have not been excepted from the operation of the Supremacy Clause. *U. S. v. Gard*, 76–1 U.S.T.C. ¶ 9314 (E.D.Cal.1976); *U. S. v. Interstate Bank*, 80–1 U.S.T.C. ¶ 9272 (N.D.Ill.1980).

We hold that K.S.A. § 58–2223b is in conflict with 26 U.S.C. § 7602 in this case and must give way. IT IS THEREFORE ORDERED that the petition for enforcement be granted.