UNITED STATES of America, and Gerald O. Greenwood, Special Agent, Internal Revenue Service, Petitioners,

v.

Daniel F. PENTELUTE, Respondent.

UNITED STATES of America, and Gerald O. Greenwood, Special Agent, Internal Revenue Service, Petitioners,

v.

Harriott Louise PENTELUTE, Respondent.

Civ. Nos. C 82–0402J, C 82–0632J.

United States District Court,
D. Utah, C.D.

May 16, 1983.

Charles William Ryan, Asst. U.S. Atty., Salt Lake City, Utah, for petitioners.

Jerome Mooney, J. Jay Bullock, Salt Lake City, Utah, Benjamin G. Sprechler, New York City, for respondents.

## MEMORANDUM OPINION AND ORDER

JENKINS, District Judge.

This action stems from a dispute surrounding the summons power of the Internal Revenue Service (IRS). Each of the respondents, Daniel F. Pentelute and Harriott L. Pentelute, was served with a summons authorized by § 7602 of the Internal Revenue Code.[1] Pursuant to those summonses, the IRS seeks handwriting exemplars[2] from the respondents in conjunction with an investigation into the tax liability of Daniel F. Pentelute. After an evidentiary hearing on the matter, the United States Magistrate recommended that the summonses be enforced. The respondents filed objections to the Magistrate's Report and Recommendation with this court. The court heard oral arguments on the objections on May 2, 1983. Jerome H. Mooney, Esq. and Benjamin G. Sprecher, Esq. appeared on behalf of the respondents and Charles W. Ryan, Esq. represented the United States. At the hearing, the court took the matter under advisement. After careful consideration of the arguments made and pleadings submitted, this court issues the following Memorandum Opinion and Order.

### I. *DANIEL F. PENTELUTE*

On January 12, 1982, a special agent of the IRS personally served a summons on respondent, Daniel F. Pentelute, ordering him to appear at the IRS offices on January 22, 1982 to provide handwriting exemplars. Respondent did not appear and did not provide handwriting samples. Petitioner seeks to enforce the IRS summons. Respondent, however, argues that the summons is invalid because it was issued in conjunction with a criminal rather than a civil investigation. In support of his position, respondent relies, in large part, on the characterization given the investigation by the special agent assigned to the case.

The United States Supreme Court has examined the scope of the IRS summons power on several occasions. In *Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1970), a taxpayer argued that the § 7602 summons was invalid because the investigation was likely to result in criminal prosecution. Rejecting that argument, the *Donaldson* Court stated:

> We hold that a revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution.

*Id.* at 536, 91 S.Ct. at 545. Subsequently, in *United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1977), the Court considered an argument similar to that made by respondent in this action. In *LaSalle,* the District Court refused to enforce the IRS summons because it found that the special agent was conducting his investigation solely to discover evidence of a criminal violation. The Court of

---

**1.** Section 7602 provides that:

For the purposes of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

\* \* \* \* \* \*

(2) To summons the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or re-

quired to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry;

26 U.S.C.A. § 7602 (1967).

**2.** The IRS has the power to compel handwriting exemplars under its § 7602 summons authority. *E.g., United States v. Euge,* 444 U.S. 707, 711, 100 S.Ct. 874, 878, 63 L.Ed.2d 141 (1980); *United States v. Rosinsky,* 547 F.2d 249, 253 (4th Cir.1977); *United States v. Campbell,* 524 F.2d 604, 607 (8th Cir.1975).

Appeals affirmed that holding. The Supreme Court reversed, stating that "[t]he institutional responsibility of the [IRS] to calculate and to collect civil fraud penalties and fraudulently reported or unreported taxes is not necessarily overturned by a single agent who attempts to build a criminal case." *Id.* at 314, 98 S.Ct. at 2366. The *LaSalle* Court reaffirmed the *Donaldson* holding that the use of an IRS summons is proper until a recommendation for criminal prosecution has been made to the Department of Justice. *Id.* at 313 n. 15, 98 S.Ct. at 2365 n. 15. In *LaSalle,* the Court recognized that in the Internal Revenue System the criminal and civil elements are inherently intertwined. Therefore, the Court found that "the primary limitation on the use of a summons occurs upon the recommendation of criminal prosecution to the Department of Justice. Only at that point do the criminal and civil aspects of a tax fraud case begin to diverge." *Id.* at 311, 98 S.Ct. at 2365.

■ The *LaSalle* opinion further specified that the summons must be issued in good faith. "This second prerequisite requires the [IRS] to meet the *Powell* standards of good faith." *Id.* at 318, 98 S.Ct. at 2368. Those standards were explained in *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.E.2d 112 (1964), as follows:

> [The IRS] must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed ....

*Id.* at 57–58, 85 S.Ct. at 254–255. In the case at bar, the summonses were issued "for the purpose of ascertaining the correctness of" Daniel F. Pentelute's tax return as authorized by § 7602. The inquiry is relevant because it may show that defendant conducted stock transactions through pseudonyms, accumulating more income than he reported. The IRS does not now have a handwriting exemplar from Daniel F. Pentelute and it has followed the appropriate procedure for issuing and enforcing the summons ordering respondent to produce one. The IRS has not yet made an institutional decision to instigate criminal proceedings against respondent. The exemplar is needed to aid in that determination.

Based on the foregoing, the summons served on respondent, Daniel F. Pentelute, was issued before recommendation for criminal prosecution, in good faith and should be enforced.

## II.  *HARRIOTT L. PENTELUTE*

In September, 1981 an IRS summons was served on respondent, Harriott L. Pentelute, directing her to appear at the IRS offices on September 10, 1981 at 9:00 A.M. Respondent appeared at that time and answered questions concerning her business relationship with her son, Daniel F. Pentelute. During the interview, the IRS agent asked Mrs. Pentelute to provide a handwriting exemplar. Respondent became very nervous and was unable to make the exemplar at that time. At the suggestion of respondent's attorney, the hearing was continued until 1:00 that afternoon. When the interview reconvened respondent provided the agent with a document entitled "Handwriting Sample of Harriott Pentelute", on which the respondent had written her name and the alphabet several times with her right and left hands. The agent received the document without objection and forwarded it to a handwriting examiner in Chicago. The Chicago examiner informed the Utah office that the sample was not extensive enough to permit analysis.

On April 21, 1982 the IRS agent served a second summons on Harriott Pentelute ordering her to appear at the IRS offices on May 3, 1982 to provide handwriting exemplars. Respondent did not appear but sent the agent a letter objecting to the summons. The IRS instigated the present action to enforce the April 21, 1982 summons. The United States Magistrate heard testimony on the matter and advised this court to enforce the summons. Respondent objects to the Magistrate's Report and Recommendation on the grounds that: the sum-

mons was issued in furtherance of a criminal investigation; the summons was issued in contravention of the administrative steps required by the Code; the IRS already has the information requested; and the summons was issued in bad faith for purposes of harassment.

■ As explained in section I of this opinion, the IRS may, in good faith, use the summons provisions of § 7602 until a recommendation for criminal prosecution is made to the Department of Justice. *LaSalle,* 437 U.S. at 311, 98 S.Ct. at 2365. There has been no such recommendation in this case. Thus, respondent's argument that the summons is invalid due to the criminal focus of the investigation is not persuasive.

In support of her position that the summons was issued in contravention of the administrative steps required by the Code, respondent cites § 7605(b) of the Internal Revenue Code, which provides:

No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

26 U.S.C.A. § 7605(b) (1967). Defendant maintains that § 7605(b) evidences a Congressional intent to limit the IRS to one inspection of records in the possession of a taxpayer. Respondent argues that the policy of § 7605(b) also applies to handwriting samples obtained from third parties pursuant to an IRS summons.

The policy of § 7605(b), however, is not without limitations. Many courts have recognized circumstances under which the IRS may re-examine records without notice from the Secretary. In *United States v. Giordano,* 419 F.2d 564 (8th Cir.1970), the Court of Appeals for the Eighth Circuit explained:

The record reveals without dispute that a proper audit could not have been made from the books and records furnished;

... that obviously an examination such as authorized by § 7602 was not possible under the circumstances here; and that under such circumstances § 7605(b) could not possibly and reasonably lend itself to a construction that would preclude the Government from making at least one *meaningful examination* of the books for the years involved.

*Id.* at 567 (footnote omitted) (emphasis added). Likewise, in the case at bar, a "meaningful examination" of the respondent's handwriting from the sample given was impossible. "Under such circumstances § 7605(b) could not possibly and reasonably lend itself to a construction that would preclude the Government" from obtaining a more complete handwriting exemplar from the respondent.

■ Other courts have found the notice requirements of § 7605 inapplicable in situations where there is a continuing investigation. That position was adopted by the Court of Appeals for this Circuit in *United States v. Silvestain,* 668 F.2d 1161 (1982). The *Silvestain* court stated:

[A]ppellee maintains that under 26 U.S.C. § 7605(b) only one inspection of a taxpayer's records for a tax year is allowed without written notice that a second inspection is necessary. Again, we disagree with taxpayer's contention. It is well settled in other circuits that a second inspection notice is not required where a second inspection is, for all intents and purposes, part of a continuing investigation.

*Id.* at 1163 (citations omitted). The IRS summons issued on April 21, 1982 was part of a continuing investigation into the tax liability of Daniel F. Pentelute. More samples of his mother's handwriting were necessary to conclude the investigation. Under these circumstances, the special agent was not obligated to comply with the notice provision of § 7605(b). That conclusion is supported by the test proffered by the Court of Appeals for the Second Circuit in *United States v. Davey,* 543 F.2d 996 (2d Cir.1976). The *Davey* court found that "the standard is whether the examination or in-

vestigation sought by the IRS is unnecessarily duplicative of some prior examination. It is not the purpose of § 7605(b) to allow a taxpayer to give the IRS requested information in an inconvenient form with a view to immunizing itself from demands for other records containing the same relevant information in a more convenient form." *Id.* at 1000. In this case, the form in which the information was given, respondent's handwriting sample, is not only inconvenient; it is insufficient to provide the relevant information. Respondent should not expect the tender of that inconclusive document to shield her from further demands for the information.

 Respondent also argues that the most recent request for a handwriting exemplar was made for harassment purposes. This court finds no evidence to support that contention. When Mrs. Pentelute became distraught at the initial IRS interview, the special agent adjourned the hearing to allow her to compose herself. To accommodate respondent, the agent permitted her to complete a handwriting sample at her attorney's office, rather than during the IRS hearing. Further, although the agent had doubts about the sufficiency of the document, he accepted it in the hope that a proper analysis could be made and that Mrs. Pentelute would not be inconvenienced for another. These actions do not show harassment or bad faith on the part of the IRS or its special agent.

> When a summons as a whole is not harassing, when the bulk of the materials summoned is not demonstrably in the possession of the IRS, and where the marginal burden of supplying information which might already be in possession of the IRS is small, as was the case here, enforcement of the summons in its entirety is not an "unnecessary examination or inspection" within the meaning of § 7605(b).

*United States v. Davis,* 636 F.2d 1028, 1038 (5th Cir.1981).

 Based on the foregoing, this court now finds that the summonses issued against respondents, Daniel F. Pentelute

and Harriott L. Pentelute, are valid and enforceable. Except as herein modified, the Report and Recommendation of the Magistrate, after de novo review, is hereby adopted.

Respondents are HEREBY ORDERED to provide the requested handwriting exemplars.