UNITED STATES of America and Benjamin F. Howell, Jr., Special Agent, Internal Revenue Service, Appellees,

v.

Olen E. MORGAN, Appellant.

UNITED STATES of America and Benjamin F. Howell, Jr., Special Agent, Internal Revenue Service, Appellants,

v.

Olen E. MORGAN, Appellee.

Nos. 84–1952(L), 84–1953.

United States Court of Appeals,
Fourth Circuit.

Argued March 6, 1985.

Decided May 14, 1985.

William A. Whitledge, Washington, D.C. (Charles R. Brewer, U.S. Atty., Asheville, N.C., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Robert E. Lindsay, Charles E. Brookhart, Dept. of Justice, Washington, D.C., on brief), for appellant/cross-appellee.

William H. McNair, Charlotte, N.C. (Moses Luski, Ruff, Bond, Cabb, Wade & McNair, Charlotte, N.C., on brief), for appellee/cross-appellant.

Before MURNAGHAN and CHAPMAN, Circuit Judges and HAYNSWORTH, Senior Circuit Judge.

CHAPMAN, Circuit Judge:

This appeal involves enforcement of an Internal Revenue summons issued to Olen E. Morgan (taxpayer) as president of Pool Builders Supply of the Carolinas, Inc. The Internal Revenue Service (IRS) appeals from the district court's enforcement of the summons on the condition that the IRS provide the notice pursuant to § 7605(b) of the Internal Revenue Code, 26 U.S.C. § 7605(b) (1982). Taxpayer cross-appeals from the district court's finding that § 7602 of the Code was not unconstitutional and its refusal to deny enforcement of the summons. 579 F.Supp. 1463. We hold that the district court erred in requiring the IRS to issue a notice pursuant to § 7605(b) as a precondition to the enforcement of the summons. We also hold that § 7602, on its face and as applied, is not unconstitutional. Thus, we reverse in part and affirm in part.

I

The IRS assigned Revenue Agent Lenial Brite of its Examination Division to audit taxpayer's federal income tax returns for the years 1979 and 1980. In early 1982, as part of his audit, he approached taxpayer and asked to examine the records of taxpayer's corporation, Pool Builders Supply of the Carolinas, Inc. Between February 25 and May 20, 1982, Agent Brite examined various books and records of the corporation on several occasions. During this examination he detected "a large discrepancy of income reported on the return compared to the bank deposits through the amount maintained by the corporation."

In an effort to account for the discrepancy, Agent Brite further examined the corporation's records and asked taxpayer and his attorney for an explanation. Still unable to determine to his satisfaction the nature and reason for the discrepancy, Agent Brite suspended his examination and, in accordance with IRS procedures, referred the matter to the Criminal Investigation Division of the IRS for investigation of possible criminal tax fraud. Agent Brite testified that at the time of the referral, June 7, 1982, he had not (1) ended his involvement with the case, (2) completed his examination for civil tax assessment purposes, (3) taken any steps to close the audit, or (4) seen all the records called for by the instant summons. Following the referral to the Criminal Investigation Division, the IRS assigned the case as a Joint Investigation to Special Agent Benjamin Howell who expanded the investigation to include 1978 and issued a summons to taxpayer as president of Pool Builders Supply of the Carolinas, Inc., to produce numerous corporate financial documents for the period December 1, 1977, through January 31, 1981.

Taxpayer appeared before Agent Howell as required by the summons, but refused to provide testimony or produce the summoned records. The government then petitioned the district court for enforcement. Taxpayer resisted enforcement on the ground that the IRS had not issued a "second inspection" notice as required by § 7605(b). Following a hearing at which both agents testified, the district court ordered the summons enforced upon the condition that the IRS provide the notice required by § 7605(b). The district court also concluded that § 7602 was not unconstitutional on its face or as applied. This court has jurisdiction over these appeals pursuant to 28 U.S.C. § 1291.

II

The first issue presented is whether the IRS must issue a notice pursu-

ant to § 7605(b) as a precondition to the enforcement of the instant summons. Section 7605(b) provides:

No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

The district court held that an examination of the records by a special agent, after examination by a revenue agent, would constitute a "second inspection" within the meaning of § 7605(b). Accordingly, the district court conditioned enforcement of the summons on the IRS providing the "second inspection" notice required by § 7605(b).

The district court found that the referral was the end of the "first" inspection because Revenue Agent Brite had "unilaterally and voluntarily suspended" his examination by referring the case to the Criminal Investigation Division for investigation of possible criminal tax fraud. The district court reached this conclusion because "[t]he purpose of Special Agent Howell's investigation (criminal) was totally different from that conducted by Agent Brite (civil)." This ruling, however, is completely contrary to the case law on the question.

The federal courts uniformly have interpreted § 7605(b) to require the issuance of a notice only when the second inspection of a taxpayer's books is part of a second audit. Thus, when the agent's initial audit or examination has been suspended by referral to the Criminal Investigation Division upon an indication of fraud, the joint investigation under the direction of the special agent is a continuation of the revenue agent's audit and no second inspection notice is necessary. *United States v. Silvestain,* 668 F.2d 1161, 1163–64 (10th Cir. 1982); *United States v. Jones,* 630 F.2d 1073, 1080–81 (5th Cir.1980); *United States v. Popkin,* 623 F.2d 108, 109 (9th Cir.1980); *United States v. Lenon,* 579 F.2d 420, 423 (7th Cir.1978); *United States v. Garrett,*

571 F.2d 1323, 1328–29 (5th Cir.1978); *United States v. Held,* 435 F.2d 1361, 1366 (6th Cir.1970), *cert. denied,* 401 U.S. 1010, 91 S.Ct. 1255, 28 L.Ed.2d 545 (1971).

In this case Revenue Agent Brite testified that he had not completed the investigation when he referred the case to the Criminal Investigation Division to determine the taxpayer's correct tax liability. The IRS Manual requires an agent to suspend his examination when he discovers a firm indication of fraud and refer the case to the Criminal Investigation Division. II Audit C.C.H. Int.Rev. Manual ¶ 4565.21, p. 8177–17; *United States v. Jones,* 630 F.2d at 1080–81; *United States v. Gilpin,* 542 F.2d 38, 40 (7th Cir.1976). When an audit has not been completed because of a referral to the Criminal Investigation Division, no second inspection notice is required in order for the special agent to gain access to the records sought. *United States v. Silvestain,* 668 F.2d at 1163–64; *United States v. Jones,* 630 F.2d at 1080–81; *United States v. Lenon,* 579 F.2d at 422–23; *United States v. Garrett,* 571 F.2d at 1328–29; and *United States v. Gilpin,* 542 F.2d at 40–41. In those cases the courts specifically held that where a referral of the case was made to the Criminal Investigation Division (formerly Intelligence Division) before completion of the revenue agent's audit, " 'The second inspection' provisions of 26 U.S.C. § 7605(b) were not applicable." *United States v. Gilpin,* 542 F.2d at 41. Therefore, the district court erred in requiring the IRS to issue a notice pursuant to § 7605(b) as a precondition to the enforcement of the instant summons.

III

■■■ The second issue presented is whether § 7602 of the Code violates the taxpayer's constitutional rights under the fourth and fifth amendments. Section 7602 empowers the IRS, *inter alia,* to summon and examine data for the purpose of ascertaining the correctness of any tax return, making a return where none has been filed, determining correct tax liabilities or "inquiring into any offense connected wit⊦

the administration or enforcement of the internal revenue laws."

The Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) Pub.L. No. 97–248, 96 Stat. 324 (1982), amended § 7602 in two ways. First, it expanded the purposes for which the summons power could be used, to include criminal as well as civil tax investigations. Second, it drew a "bright line" indicating that the summons power ended at the point where an investigation was referred to the Justice Department for prosecution. By this change Congress intended to establish a mechanical test for determining the validity of the summons. *See Pickel v. United States,* 746 F.2d 176, 183 (3d Cir.1984); *Moutevelis v. United States,* 727 F.2d 313 (3d Cir.1984).

Taxpayer argues that § 7602, as amended by TEFRA, violates the fourth and fifth amendments by authorizing an IRS special agent, by the mere issuance of a § 7602 summons, to compel a person or a corporation to turn over their private records and papers to the agent without securing a warrant based upon probable cause from a neutral judicial official. The key element which allegedly renders § 7602 unconstitutional is the explicit congressional mandate that the IRS may issue a § 7602 summons for the primary, singular and exclusive "purpose of inquiring into any offense connected with the enforcement of the internal revenue laws." § 7602(b). Taxpayer contends this provision violates the fourth amendment proscription against warrantless searches and seizures of private papers and records because it allows Special Agent Howell to force the production of private papers and records for the primary and sole purpose of conducting a criminal investigation free of any requirement that such summons may issue only upon securing a warrant based upon probable cause. Therefore, taxpayer argues, § 7602 is unenforceable on its face and as applied.

Taxpayer also contends that § 7602(b) violates the fifth amendment's guarantee of prosecution upon indictment by grand jury. According to taxpayer, § 7602(b) grants special agents overly broad investigative powers which seriously intrude upon the role of the grand jury as the principal tool of a criminal discovery and prosecution. Accordingly, taxpayer argues that by vesting revenue agents with the power to summons, free of restraint, any material in connection with the investigation of a criminal offense under the tax laws, Congress has impermissibly constituted these employees of the executive branch as "one person grand juries" in violation of the fifth amendment guarantee of prosecution upon indictment by grand jury.

Taxpayer has misconceived the nature of an IRS summons. An IRS summons authorizes neither a search nor a seizure. An IRS agent cannot "compel" or "force" the production of records. Although an IRS summons commands that the person to whom it is addressed appear before the IRS and produce records or give testimony, *United States v. Euge,* 444 U.S. 707, 712, 100 S.Ct. 874, 878, 63 L.Ed.2d 141 (1979), an IRS summons is not self-enforcing. If, as here, the summons is not complied with, the government must petition a district court for judicial enforcement of the summons. See *United States v. Lask,* 703 F.2d 293, 297 (8th Cir.1983), *cert. denied,* ——— U.S. ———, 104 S.Ct. 104, 78 L.Ed.2d 107 (1983). Section 7402(b) and 7604(a) of the Code grant jurisdiction to the United States District Courts to issue orders compelling, through their powers of contempt, compliance with Internal Revenue summons. Because enforcement of a summons invokes the process of a court, a court will not enforce a summons if it would constitute an abuse of that process. *United States v. Powell,* 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964); *United States v. LaSalle National Bank,* 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978); *United States v. Samuels, Kramer & Co.,* 712 F.2d 1342, 1344 (9th Cir.1983). Thus, we agree with the district court that § 7602, as amended, is not unconstitutional.

## IV

We have reviewed carefully taxpayer's other exceptions and have found them to be

without merit. Accordingly, the decision of the district court is

REVERSED IN PART

AFFIRMED IN PART