**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA;
INTERNAL REVENUE SERVICE,

      Applicants-Appellees,

v.

NATCO PETROLEUM, INC.,

      Respondent-Appellant.

No. 98-2025
(D.C. No. MISC-97-31-MV)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.

This case involves the enforcement of an administrative summons issued by

the Internal Revenue Service (IRS) and served on respondent-appellant Natco

Petroleum (Natco), a closed corporation whose president and sole shareholder,

Mr. Ross Marquez, was being investigated for civil tax liability. [1] Natco appeals

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

(continued...)

the district court's order requiring Natco to comply with the summons.  After

reviewing the district court's enforcement order for clear error,        see United States

v. Coopers & Lybrand   , 550 F.2d 615, 620 (10th Cir. 1977), we affirm.

## BACKGROUND

The IRS issued a summons on September 10, 1996, calling for production

of Natco's corporate records in connection with the tax liability of Mr. Marquez

for the years 1992, 1993, 1994, and 1995.        See 26 U.S.C. § 7602 (conferring

summons authority on IRS).  The IRS served the summons on Mr. Marquez as an

agent of Natco and, when Natco failed to comply fully, the IRS sought

enforcement in the district court,      see 26 U.S.C. § 7604(a) (setting out procedure

for enforcement of IRS summons).  In the application for order to show cause,

and an attached affidavit signed by an IRS special agent, the IRS asserted that the

summons related to the tax liability of both Natco and Mr. Marquez and that the

information was needed to determine, among other things, the ability of

Mr. Marquez to pay an outstanding liability assessed for the years 1990 and 1991.

The IRS also declared that there had been no criminal referral to the Department

of Justice.

---

[1](...continued)
therefore ordered submitted without oral argument.

At the district court hearing, held December 3, 1997, the IRS presented the testimony of a revenue agent assigned to the matter. His testimony essentially repeated the information contained in the affidavit attached to the IRS's amended application. He demonstrated some confusion, however, as to whether the investigation was directed toward the tax liability of Natco, Mr. Marquez, or both. Natco's case was presented through the testimony of Mr. Marquez, who stated that he was the president and one of two employees of the corporation, as well as its sole shareholder, director, and principal. Mr. Marquez testified that he had made an effort to comply with the summons, but could not or would not produce all responsive documents.

The district court found that the summons was legitimately issued, properly served, and not violative of a Fifth Amendment privilege. Consequently, it ordered Natco to produce all documents demanded by the summons.

## DISCUSSION

The "IRS has broad authority to issue summonses in support of its efforts to determine taxpayers' tax liabilities." Codner v. United States, 17 F.3d 1331, 1332 (10th Cir. 1994) (citing 26 U.S.C. §§ 7601, 7602; United States v. Arthur Young & Co., 465 U.S. 805, 816 (1984)). The IRS must show good faith in issuing the summons, by demonstrating "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the

-3-

information sought is not already within the [IRS] Commissioner's possession, and that the administrative steps required by the Code have been followed . . . ." United States v. Powell, 379 U.S. 48, 57-58 (1964); see also United States v. LaSalle Nat'l Bank, 437 U.S. 298, 318 (1978) (stating that the IRS "must use its summons authority in good-faith pursuit of the congressionally authorized purposes of § 7602"). Once the IRS has made such a showing, it is entitled to an enforcement order unless the opposing party can show that the IRS is attempting to abuse the court's process. See Powell, 379 U.S. at 58. The opposing party must refute the government's prima facie Powell showing or factually support a proper affirmative defense. See United States v. Balanced Fin. Management, Inc., 769 F.2d 1440, 1444-45 & n.2 (10th Cir. 1985).

Appealing to us, Natco contends it demonstrated the IRS's bad faith under the Powell standard in two ways: first, by pointing out discrepancies between the face of summons and statements made in connection with enforcement, and second, by arguing that the identified records are not relevant to an investigation of Mr. Marquez's individual tax liability. Although we agree with Natco that the IRS could have been more consistent in identifying the subject of investigation and more meticulous in listing the relevant tax years, we do not believe that the discrepancies undermine the IRS's prima facie case. Natco fails to show that the

inconsistencies suggest either an improper purpose or a failure to follow the administrative steps required by the Internal Revenue Code.

Natco's argument concerning irrelevance also misses the mark. Relevance under the Powell test is not judged by the relevance standards used in deciding whether to admit evidence in federal court. See Arthur Young & Co., 465 U.S. at 813-14. "Records that illuminate any aspect of the return" are "highly relevant to legitimate IRS inquiry." Id. at 815. Natco fails to explain why corporate records would not shed light on an investigation of Mr. Marquez, its employee, president, director, and sole shareholder.

In addition, Natco claims that enforcement of the summons issued to Natco for corporate records would violate Fifth Amendment privilege of Mr. Marquez, who is not a party to this case. This argument is fundamentally flawed. It is black-letter law that: (1) voluntarily-prepared business records do not come within the scope of the Fifth Amendment privilege, see Braswell v. United States, 487 U.S. 99, 102 (1988); (2) a corporation has no Fifth Amendment privilege, see id.; and (3) no matter how small a corporation may be, the custodian of its documents acting in a representative capacity may not invoke personal privilege to resist production, even if the documents may also incriminate the custodian, see id. at 108, 113, 119. We are not persuaded by the attempts of Mr. Marquez to place himself outside the reach of these elementary rules.

In its reply brief, Natco raises a final argument, based on the fact that the government referred the matter to the Justice Department for criminal prosecution while this case was on appeal. [2] An additional constraint on IRS investigative authority is that a summons may not be issued and an enforcement action may not be initiated "if a Justice Department referral is in effect" with respect to a person about whom information is sought. 26 U.S.C. 7602(d). [3] This provision, however,

---

[2] Generally, the failure to raise an issue in the opening brief waives appellate consideration of the issue. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n. 7 (10th Cir. 1994). For that reason, we do not address Mr. Marquez's claim that certain documents are outside the scope of the summons. Because the issue of criminal referral could not have been raised earlier, however, we requested a supplemental response brief from the IRS and now address the merits of Mr. Marquez's argument on that issue.

[3] Section 7602(d), which was formerly §7602(c), see Pub. L. No. 105-206, 112 Stat. 757 (1998), provides:

**(c) No administrative summons when there is Justice Department referral.--**

**(1) Limitation of authority.--**No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

**(2) Justice Department referral in effect.--** For purposes of this subsection--

**(A) In general. --** A Justice Department referral is in effect with respect to any person if–

(i) the Secretary has recommended to the Attorney General a grand

(continued...)

-6-

provides no barrier to the enforcement of the summons at issue.  The case was not referred to the Department of Justice until after the summons was "issued" and after the IRS began an action to enforce the summons.  Under these circumstances, there is no violation of the "bright-line rule established by Section 7602[d]."    United States v. Becker  , 965 F.2d 383, 390 (7th Cir. 1992); see also  United States v. Morgan   , 761 F.2d 1009, 1012 (4th Cir. 1985) (Congress drew a "'bright line'" by which it "intended to establish a mechanical test for determining the validity of the summons.").

We decline Natco's invitation to re-write the statute. Under the plain language of § 7602(d)(1), the validity of the summons is determined as of the date the enforcement petition is filed.  A subsequent referral does not render a valid summons unenforceable.

---

[3](...continued)
    jury investigation of, or the criminal prosecution of, such person for
    any offense connected with the administration or enforcement of the
    internal revenue laws. . . .

AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge