UNITED STATES of America and Michael J. Caine, Revenue Agent, Internal Revenue Service, Petitioners,

v.

FLAIR MANUFACTURING CORPORATION, Respondent.

No. 82 Misc. 0344.

United States District Court, E.D. New York.

Jan. 25, 1983.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Ruth V. Simon, Sp. Asst.

U.S. Atty., E.D.N.Y., Brooklyn, N.Y., Robert G. Nath, U.S. Dept. of Justice, Washington, D.C., of counsel), for petitioner.

Hall, Dickler, Lawler, Kent & Howley, New York City (Morton A. Smith, Paul G. Whitby, New York City, of counsel), for respondent.

## ORDER

McLAUGHLIN, District Judge.

Petitioners brought this motion to compel compliance with an Internal Revenue Service (IRS) summons served on August 20, 1982. For the reasons developed below, the motion is granted.

The IRS conducted an extensive audit of the respondent for the fiscal years ending July 31, 1978–80. On June 21, 1980, the agency issued a transmittal letter to respondent, containing preliminary findings for the three-year period covered by the audit. That letter reflected an agreement between the IRS and respondent as to all disputed items except one: losses and reduction of income resulting from "straddle transactions"—i.e., certain transactions involving respondent's purchase and sale of government securities—were entirely disallowed.

Respondent filed a timely protest with the District Director of the IRS, but was subsequently notified that there was no reason for an appeal conference "unless significant new facts or legal argument justifying settlement is submitted." (Affidavit of Jamie E. Frank, Exhibit C, para. 2)

In August, 1982, the IRS issued the summons that lies at the center of this controversy. This summons calls for production of all documents relating to respondent's involvement in the "straddle" transactions, and for testimony of the taxpayer. (Petitioners' Reply Memorandum, at 4) Revenue Agent Michael J. Caine has subsequently modified the summons to exclude a group of documents already in the possession of the agency. As to the remaining documents, Agent Caine states, by affidavit, that "with the exception of certain cancelled checks of the taxpayer, I have to the best of my knowledge never previously seen or inspected any of the documents described in the summons." (Supplemental Affidavit of Michael J. Caine, para. 4) Respondent apparently does not allege that the remaining items called for by summons have been previously inspected by the IRS.

## DISCUSSION OF LAW

The standard of judicial enforcement of an IRS summons has been articulated by the Supreme Court. The agency must make an initial showing:

[T]hat the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed

. . . .

*United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964).

Respondent argues that, inasmuch as the IRS has already disallowed the "straddle" transactions, the continuing request for documents and testimony is not relevant to a legitimate investigation. This argument is unpersuasive. The IRS has merely issued a transmittal letter, and has made no final determination as to respondent's tax liability for the "straddle" transactions. Indeed, the letter states that respondent "may request a hearing with [the] Office of Regional Director of Appeals." (Affidavit of Jamie E. Frank, Exhibit B, para. 3) Respondent's reliance on the letter from the IRS Appeals Officer (Frank Affidavit, Exhibit C) is unavailing. Contrary to respondent's contention, that letter does not unequivocally indicate that the IRS considered the matter closed. Rather, the Appeals Officer stated that a conference could be beneficial if "significant new facts or legal argument justifying settlement is submitted." (Frank Affidavit, Exhibit C, para. 2) The investigation thus remains open.

More compelling is respondent's argument that the IRS has flouted the *Powell* requirement that the prescribed administrative steps be followed. Specifically, respon-

dent maintains that 26 U.S.C. § 7605(b) has not been satisfied:

No taxpayer shall be subjected to unnecessary examination or investigations and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

As to the testimony and as to the bulk of the documents sought by the summons, the above section is simply inapplicable. Based upon the affidavit of Agent Caine, the requested documents have never been in the possession of the IRS. (Supplementary Affidavit of Michael J. Caine, para. 4) The information sought may prove useful to the IRS in its continuing attempt to fix respondent's liability for the "straddle" transactions.[1]

There is one category of documents, however, that squarely raises the issue of a second inspection: "certain cancelled checks of the taxpayer." (Caine Affidavit, para. 4) Agent Caine concedes that those checks have already been inspected. Although the point is not settled, I am persuaded that the checks in question may be obtained from the taxpayer although the requirements of 26 U.S.C. § 7605(b) have not been satisfied.

I recognize that Judge Mishler has enunciated the view that "[w]here an agent has seen or examined books and records, the IRS must provide for the giving of the statutory notice before doing so again." *United States v. Fordin*, 72–2 Stand. Fed.Tax Rep. (CCH) para. 9618, at 85,468 (E.D.N.Y.1972). The overwhelming weight of authority, however, is that where, as here, a second inspection of given material is "part of a continuing investigation," a second inspection notice is not required. *United States v. Silvestain*, 668 F.2d 1161 (10th Cir.1982). *See, e.g., United States v.*

*Jones*, 630 F.2d 1073, 1080–81 (5th Cir.1980); *United States v. Popkin*, 623 F.2d 108, 109 (9th Cir.1980); *United States v. Lenon*, 579 F.2d 420, 423 (7th Cir.1978); *United States v. Gilpin*, 542 F.2d 38, 40–41 (7th Cir.1976); *United States v. Held*, 435 F.2d 1361, 1366 (6th Cir.1970), *cert. denied,* 401 U.S. 1010, 91 S.Ct. 1255, 28 L.Ed.2d 545 (1971); *United States v. Giordano*, 419 F.2d 564, 567–68 (8th Cir.), *cert. denied,* 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970). As previously noted, the IRS is conducting a "continuing investigation" of respondent's liability for the "straddle" transactions. It is of no consequence, therefore, that the cancelled checks referred to in Agent Caine's affidavit have, by his own admission, been previously inspected.

Accordingly, respondent is directed to comply with the summons by February 28, 1983. If that deadline presents undue hardship, respondent may move this Court for an extension of time.

SO ORDERED.

---

1. Respondent contends that the IRS would not use the additional information to reduce tax liability, and that, because the "straddle" transactions have been entirely disallowed, the information could not be used to increase respon-

dent's liability. (Respondent's Memorandum of Law, at 6) Conjecture aside, however, there is no basis for respondent's position that the IRS would not reduce tax liability for the "straddle" transactions.