**UNITED STATES of America and James E. Vest, Special Agent, Internal Revenue Service, Petitioners-Appellants,**

v.

**William S. PRITCHARD, Jr.,
Respondent-Appellee.**

No. 29799.

United States Court of Appeals,
Fifth Circuit.

Feb. 9, 1971.

Rehearing Denied March 31, 1971.

Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, John M. Brant, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., for petitioners-appellants.

William S. Pritchard, Jr., W. B. McCall, Birmingham, Ala., for respondent-appellee.

Before BELL, DYER and RONEY, Circuit Judges.

PER CURIAM:

 The United States appeals from the District Court's dismissal with prejudice of its petition to enforce an Internal Revenue Service Summons, issued pursuant to 26 U.S.C.A. § 7602,[1] to appellee Pritchard. The summons required Pritchard, a tax attorney, to appear, testify and produce for examination tax return files and related work papers concerning his clients, the taxpayers Graffeos. Upon refusing to testify or produce the files, enforcement proceedings were commenced pursuant to 26 U.S.C.A. § 7604(a).[2] Following a

---

1. Section 7602 provides in pertinent part:
 For the purpose of ascertaining the correctness of any return where none has been made, determining the liability of any person for any internal revenue tax * * * or collecting any such liability, the Secretary or his delegate is authorized—

 * * * * *

 (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required

to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

2. Section 7604(a) provides:
 *Jurisdiction of district court.*—If any person is summoned under the internal revenue laws to appear, to testify, or to

full hearing,[3] the District Judge dismissed the petition.[4] He concluded, among other things, that the Government "had failed to establish that the information sought is not already within the Commissioner's possession." Finding, as we do, that the evidence clearly showed that the Government already had possession of the information sought, we affirm.

In March 1968 Vest, a Special Agent of the Internal Revenue Service, advised taxpayers' certified public accountant Hullett that the agent was investigating the Graffeos' tax liabilities for 1960 through 1966. Thereafter, Pritchard acquired possession of the taxpayers' file from Hullett. A summons directed to Pritchard was issued by Special Agent Vest. Pritchard appeared before Vest but refused to testify or produce the papers. There followed enforcement proceedings which, as we have related, were dismissed by the court.

While it is clear that the burden is on the taxpayer to prove that the summons is being utilized for harassment or is an abuse of the court's process, United States v. Powell, 1964, 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112; United States v. Roundtree, 5 Cir. 1969, 420 F.2d 845, 851; Venn v. United States, 5 Cir. 1968, 400 F.2d 207, 210, the Supreme Court has held that the Commissioner

> must show that the investigation will be conducted pursuant to a legitimate

purpose, that the inquiry may be relevant to the purpose, *that the information sought is not already within the Commissioner's possession,* and that the administrative steps required by the Code have been followed * * *. (Emphasis supplied)

United States v. Powell, *supra,* 379 U.S. at 57–58, 85 S.Ct. at 255. Neither the Government's petition nor the agent's affidavit made reference to whether the information sought was in the Commissioner's possession.[5]

It is undisputed that prior to the service of the summons on Pritchard, accountant Hullett had met with IRS agent Adams. Hullett testified that Adams had looked at all copies of taxpayers' papers in Hullett's file; that Adams' investigation lasted for several weeks; and that togther he and Adams had spent a total of three or four hours examining the file.

It is clear that the information sought by the summons was already within the Commissioner's possession. The judgment of the District Court is

Affirmed.

ON PETITION FOR REHEARING

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied. *See* Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

---

produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

3. A proceeding to enforce a summons is an adversary proceeding. United States v. Powell, 1964, 379 U.S. 48, 58, 85 S.Ct. 248, 13 L.Ed.2d 112; Reisman v. Caplin, 1964, 375 U.S. 440, 446, 84 S.Ct. 508, 11 L.Ed.2d 459. The Federal Rules of Civil Procedure apply, absent any other statutory direction. Fed.R.Civ.P. 81(a)

(3); United States v. Powell, *supra,* 379 U.S. at 58 n. 18, 85 S.Ct. 248; United States v. McKay, 5 Cir. 1967, 372 F.2d 174, 175.

4. In enforcement proceedings under section 7604, a petition followed by a show cause order is treated as a complaint. Wild v. United States, 9 Cir. 1966, 362 F. 2d 206, 209.

5. In his answer Pritchard alleged, *inter alia,* "that the petition fails to show (1) that the information sought is not already in the possession of the Commissioner of Internal Revenue or his delegate."