724 F.2d 480
 84-1 USTC P 9215
 UNITED STATES of America and Larry D. McLain, Plaintiffs-Appellees,
v.
L.A. LINSTEADT, as President, and Wannelle Linsteadt, as
Vice President of Pronto, Inc., Defendants-Appellants.
UNITED STATES of America, and Larry McLain, Plaintiffs-Appellees,
v.
NORTHEAST NATIONAL BANK, et al., Defendants,
L.A. and Wannelle Linsteadt and Pronto, Inc., Intervenors-Appellants.
 Nos. 83-1214, 83-1463
Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 6, 1984.
 
 Tarlton, Douglas, Kressler & Wuester, William O. Wuester, Fort Worth, for defendants-appellants.
 Mattie Nell Peterson Compton, Asst. U.S. Atty., Fort Worth, Tex., Michael L. Paup, Chief, Appellate Sect., Tax Div., U.S. Dept. of Justice, Glenn L. Archer, Jr., Asst. Atty. Gen., Charles E. Brookhart, George L. Hastings, Jr., Washington, D.C., for plaintiffs-appellees.
 Appeals from the United States District Court for the Northern District of Texas.
 Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.
 TATE, Circuit Judge:
 
 
 1
 Before us are two appeals from separate orders of the district court enforcing two sets of Internal Revenue Service ("IRS") summonses. 26 U.S.C. Secs. 7602, 7604. Both orders enforced production of books, records, and other data sought by the IRS for the purpose of ascertaining the correct corporate and individual income tax liability of a corporation ("Pronto") and of its officers (the "Linsteadts"), who were husband and wife and also the president and vice-president, respectively, of Pronto, the corporation. The Linsteadts appeal, both as corporate officers and individually. Because the issues overlap in part, we are considering these two appeals together for disposition on appeal.
 
 
 2
 We affirm both orders, finding no merit to the appellant Linsteadts' contentions (1) that the IRS failed to make an adequate showing that the requested materials were relevant to its tax investigation, (2) that some of the requests were unenforceably overbroad, and (3) that the summons should be rejected as to some of the requested documents as being already in the possession of the IRS (even though not readily retrievable by it).
 
 
 3
 Both sets of summonses arise out of the IRS tax investigation into the tax liabilities of Pronto and the Linsteadts for the 1978, 1979, and 1980 tax years. Appeal No. 83-1214 concerns the enforcement of two summonses served on the Linsteadts, as officers of Pronto, to produce records (as detailed on each summons) relating to the tax liability of Pronto. Appeal No. 83-1463 relates to the enforcement of eighteen IRS summonses to eight banks, an accounting firm, and a law firm formerly involved in Pronto's affairs to produce records relating to the tax liabilities of either Pronto or the Linsteadts; the Linsteadts were permitted to intervene as interested parties in the latter enforcement proceedings. From the enforcement orders, the Linsteadts alone appeal.
 
 1. Relevance Claims
 
 4
 The Linsteadts challenge both sets of summonses on the ground that insufficient evidence was adduced at the enforcement proceeding to support the inference that the requested materials are relevant to the tax investigations of themselves and Pronto. As to the summonses served upon them as officers of Pronto, the Linsteadts claim that the government introduced no evidence to satisfy its burden to show the relevance of the requested materials. As to the third party summonses, the Linsteadts object that the government did not offer sufficient proof to show how certain of the documents requested, particularly inter office memos and correspondence files, could be either relevant or necessary to the government's investigation.
 
 
 5
 While the Internal Revenue Service need not show probable cause to obtain enforcement of a tax summons, it must show that the information requested in the summons is "relevant" to a legitimate tax investigation, with the taxpayer having the burden to prove an abuse of the court's process by the enforcement proceedings. United States v. Powell, 379 U.S. 48, 57-59, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). We have described the relevance showing as "minimal" and noted that the requisite showing may be made by a simple affidavit filed with the petition to enforce by the agent who issued the summons, with the burden then shifting to the taxpayer to disprove the prima facie case established by the IRS or to demonstrate that the enforcement of the summons would in other ways constitute an abuse of the court's process. United States v. Davis, 636 F.2d 1028, 1034 (5th Cir.1981), cert. denied, 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981). The standard used to assess the "relevance" of an Internal Revenue summons is "whether the summons seeks information which 'might throw light upon the correctness of a taxpayer's return.' " United States v. Wyatt, 637 F.2d 293, 300 (5th Cir.1981).
 
 
 6
 These standards have been met in the enforcement proceedings here challenged.
 
 
 7
 As an initial matter, it is evident that the very nature of the information requested by the summons goes far to establish its relevance to a tax investigation. The summonses served on the Linsteadts as officers of Pronto request production of "[a]ll books and records, correspondence, notes, workpapers, and memoranda (original, photostatic copies, or reproductions) in your possession or under your control of/or relating to PRONTO, INC. for tax years 1978, 1979 and 1980...."
 
 
 8
 This paragraph is followed by a detailed list of the types of financial records sought in the general request. The records requested by the summons included cash receipts and sales journals, cash disbursement and purchase journals, bank statements, cancelled checks, sales and purchase invoices, payroll records, records relating to the purchase, sale, or depreciation of assets, and all documents related to the computation and filing of the Linsteadts' or Pronto's 1978-80 income taxes. The same language is used in the summonses requesting information from third parties, except where the summons specified that it related to the individual tax liability of the Linsteadts, rather than to the corporate tax liability of Pronto.
 
 
 9
 Plainly, the information requested is the raw material from which tax liability may be computed, and which thus may shed light upon the correctness of the taxpayers' returns. The relevance of the requested information is further supported by the affidavits and the hearing testimony of the special agent assigned to the Linsteadt and Pronto tax investigation. The agent stated that it is necessary to examine the books and records requested by the summonses in order to determine the correct tax liabilities of the Linsteadts and Pronto. In the enforcement proceeding of the third party summonses, the agent further testified that the business records sought were relevant to the investigation of the tax liability of both the Linsteadts and Pronto.
 
 
 10
 Contrary to the appellant Linsteadts' contentions, we find that these taxpayers have not borne their burden of disproving the prima facie case established by the IRS. The trial evidence and testimony introduced in the district court is sufficient to support the finding that the materials sought by the Internal Revenue summonses are relevant to the tax investigation of the Linsteadts and Pronto.
 
 2. The Overbreadth Claim
 
 11
 The Linsteadts next claim as intervenors that certain requests made to third parties in the Internal Revenue summonses are so overbroad as to be unenforceable. In particular, they argue that the request in certain of the summonses to law firms and accounting firms for "inter office memos" and "correspondence files" would include information not at all related to their tax liability.
 
 
 12
 Because we find that the summonses requesting these types of information are properly limited to information associated with the Linsteadts' or Pronto's tax liability, we reject their argument. The language on the face of the printed summons form, to which the list including "inter office memos" and "correspondence files" was attached, clearly indicates that each of the summonses requests only testimony and documentary information "relating to the tax liability or the collection of the tax liability of the person identified above for the periods shown...." We find that this prefatory language restricts the scope of the request for "inter office memos" and "correspondence files" to information and materials related to the Linsteadts' and Pronto's income tax liability. As such, it describes the requested material with sufficient particularity to avoid the dangers of overbreadth.
 
 
 13
 3. Availability of the Requested Information
 
 
 14
 The Linsteadts lastly claim that the government's request in its summons to them for copies of Forms 1099 and 1087 furnished them by the parties for the tax years in question should be denied since the government already possesses these forms in its files.[1] Since such forms are normally forwarded to the Internal Revenue Service by the party paying interest on an account, the Linsteadts contend that they should not be required to produce copies of those forms. We reject this contention.
 
 
 15
 The "already possessed" exception, see Powell, supra, 379 U.S. at 58, 85 S.Ct. at 255 and United States v. Pritchard, 438 F.2d 969, 971 (5th Cir.1971), to the enforcement of Internal Revenue summonses is narrowly construed. In United States v. Davis, 636 F.2d 1028, 1037 (5th Cir.1981), cert. denied, 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981), we stated:
 
 
 16
 Read in context, we construe the "already possessed" principle enunciated by Powell as a gloss on Sec. 7605(b)'s prohibition of "unnecessary" summonses, rather than an absolute prohibition against the enforcement of any summons to the extent that it requests the production of information already in the possession of the IRS.
 
 
 17
 As we noted in Davis, although the Internal Revenue Service may have "possession" of a particular form somewhere in its files, the large number of forms submitted by third party payors of non-wage income to taxpayer payees (not indexed as to the taxpayer recipient of the payment) often makes it impracticable to retrieve a form relating to a particular individual. Davis, supra, 636 F.2d at 1038. In the present case, the special agent testified that the Form 1099s sought in the summons may indeed be located somewhere in the IRS files, but that it was not in retrievable form since he could not know in which of the IRS facilities the forms were filed or by which third-party payors. As the agent testified, these forms were not retrievable because they were not computerized for recording or search, nor was any cross-reference made between third-party form-submitters and the payees thereby reflected. See United States v. First National State Bank of New Jersey, 616 F.2d 668, 673-74 (3rd Cir.1980), cert. denied, 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980) (explaining why 1099 and 1087 forms sent to the IRS by third party recordkeepers may be nonretrievable).
 
 
 18
 Following Davis, we find that although some of the requested information may technically be in the "possession" of the IRS, being incapable of practical retrieval they are not availably possessed by the IRS, the request in the summons at issue here does not constitute an "unnecessary" or "harassing" request requiring nonenforcement of the summons. Thus, in that "the bulk of the materials summoned is not demonstrably in the possession of the IRS, and [since] the marginal burden of supplying information which might already be in the possession of the IRS is small," Davis, supra, 636 F.2d at 1038, we find that the district court properly enforced the summons for the Linsteadts to produce the requested Forms 1099 and 1087.
 
 4. Conclusion
 
 19
 Rejecting the Linsteadts' contentions on appeal, we AFFIRM the enforcement orders of the district court in both cases.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Taxpayers refer to item 16 of the detailed list of records requested, which states: "Statements showing interest earned and interest income for the years 1978, 1979 and 1980, (including but not limited to Forms 1099, 1087 or substitutes therefor)."