**Cal B. WRIGHT, d/b/a Wright Specialty Company and Wright Equipment Company, Petitioner,**

v.

**U.S. and J. Bruce Scott, Respondents.**

**Civ. No. MO–85–CA–34.**

United States District Court, W.D. Texas, Midland-Odessa Division.

Sept. 14, 1985.

H. Thomas Hirsch, Nunley & Hirsch, Odessa, Tex., for petitioner.

Cary L. Jennings, Joseph A. Pitzinger, III, Attys., Tax Div., Dallas, Tex., for respondents.

BUNTON, District Judge:

### Findings of Fact and Conclusions Of Law

Pursuant to Rule 52, Federal Rules of Civil Procedure, the Court enters the following findings of fact and conclusions of law with respect to the above-entitled case:

### Findings Of Fact

1. This is a civil action concerning the enforcement of an Internal Revenue Service administrative summons. The petitioner, Cal B. Wright, is currently the subject of a joint civil and criminal investigation by the Criminal Investigation Division of the Internal Revenue Service, with respect to tax years 1980 to 1982.

2. Pursuant to the investigation, an administrative summons was issued by Special Agent J. Bruce Scott on January 28, 1985. This summons was served upon David R. Stephens, Vice-President and Cashier of Permian Bank and Trust, Odessa, Texas, and requested the production of various bank records concerning the petitioner and his related companies.

3. A tax auditor employed by the Internal Revenue Service, Examination Division, had originally instituted the audit of petitioner's tax returns in 1983, and as a part of that audit, served the petitioner with several document requests. On August 7, 1984, petitioner's representatives produced some documents for the examiner, but circumstances did not allow a full inspection of the documents on that date, and petitioner did not return with the documents.

4. The tax auditor then served a summons on the bank on August 8, 1984, seeking records to show balances outstanding on all of petitioner's accounts, including savings and checking accounts, certificates of deposit, and business or personal loans. However, in response, the Internal Revenue Service received only some incomplete copies of account statements and copies of 34 certificates of deposit, 22 of which did not have copies of the information on the reverse side of the certificates.

5. The present summons seeks bank records and information far beyond the lim-

ited scope of the items sought in the prior summons, including signature cards, checking account ledgers, checks (front and back), and so forth.

6. Petitioner filed a petition to quash the summons on February 15, 1985, and the summoned party has failed to appear before the Internal Revenue Service and produce any documents in response to the summons, pending a resolution on the petition to quash. Petitioner argues that the summoned information is already in the possession of the Internal Revenue Service, and that he is being subjected to an impermissible "second inspection" of his records. The respondents, United States of America and Special Agent J. Bruce Scott, have appeared in this proceeding and moved that the summons be enforced.

Conclusions Of Law

1. The Court has jurisdiction over the petitioner's petition to quash and the Government's motion for enforcement of the same under Sections 7604 and 7609 of the Internal Revenue Code of 1954 (26 U.S.C.).

2. In deciding whether the Internal Revenue Service summons in issue should be enforced, the Court is called upon to consider whether the requirements set forth in United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), have been met. Under Powell, the United States must show that (1) the investigation has a legitimate purpose, (2) the inquiry is relevant to that purpose, (3) the information sought is not within the Commissioner's possession, and (4) all administrative steps have been met.

■ 3. The Court finds that the United States has demonstrated that the Powell requirements have been met in this case. The Government's investigation of petitioner with respect to not only his federal tax liabilities, but also his potential liability for any criminal offense connected with the administration or enforcement of the internal revenue laws, has a legitimate purpose. The instant summons seeks information that is clearly relevant to that purpose. Petitioner does not dispute that all adminis-

trative steps were met in the issuance of this summons, and the special agent has testified that no Justice Department referral is in effect concerning the petitioner.

■ 4. As one of his reasons for seeking to have the summons quashed, petitioner argues that the information sought by the Internal Revenue Service is already in its possession. The "already possessed" exception to the enforcement of IRS summonses is narrowly construed in this Circuit. See United States v. Texas Heart Institute, 755 F.2d 469, 476–478 (5th Cir. 1985); United States v. Linsteadt, 724 F.2d 480, 483 (5th Cir.1984). In United States v. Davis, 636 F.2d 1028 (5th Cir.), cert. denied, 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981), the Court of Appeals viewed the "already possessed" exception as follows:

Read in context, we construe the "already possessed" principle enunciated by Powell as a gloss on [26 U.S.C.] § 7605(b)'s prohibition of "unnecessary" summonses, rather than an absolute prohibition against the enforcement of any summons to the extent that it requests the production of information already in the possession of the IRS.

636 F.2d at 1037. Aside from the limited items produced in response to the IRS summons of August 8, 1984, petitioner has not shown that the Government actually possesses any of the documents sought in the present summons, such that enforcement of the summons is "unnecessary". The mere showing by the petitioner that the IRS has previously examined his own records is not sufficient to demonstrate either that the IRS possesses that information or that it possesses information in the custody of parties other that the petitioner. See United States v. Texas Heart Institute, supra at 477. Accordingly, the Court concludes that this element of Powell is also satisfied in the instant case.

■ 5. Petitioner additionally argues that he is being subjected to a "second inspection" of his records, in violation of Section 7605(b) of the Internal Revenue

Code, in that he was the subject of an examination before the joint investigation by the Criminal Investigation Division was begun. Section 7605(b) requires the IRS to issue a second inspection notice to the taxpayer if additional examination of records is necessary. However, when a revenue agent's initial audit is referred to the Criminal Investigation Division upon indications of fraud, the joint investigation of the special agent is merely a continuation of the revenue agent's audit. Courts have uniformly held that no second inspection notice is necessary in this situation. See *United States v. Morgan*, 761 F.2d 1009, 1010–1011 (4th Cir.1985); *United States v. Silvestain*, 668 F.2d 1161, 1163–1164 (10th Cir.1982); *United States v. Jones*, 630 F.2d 1073, 1080–1081 (5th Cir.1980).

6. Petitioner has presented no grounds to show that enforcement of the summons would be an abuse of the Court's process or would otherwise be improper. Accordingly, a final Judgment shall be entered along with these findings, dismissing petitioner's petition to quash, and ordering enforcement of the Internal Revenue Service summons.

### Judgment

In accordance with the Findings of Fact and Conclusions of Law entered on this day in the above-entitled action, it is

Ordered, Adjudged, and Decreed that the Petition to Quash Internal Revenue Service Summons filed by petitioner in this case is hereby dismissed with prejudice. It is further

Ordered, Adjudged, and Decreed that the summoned person, David R. Stephens, Vice-President and Cashier of Permian Bank and Trust, Odessa, Texas, shall comply with the summons served upon him in the matter of the liabilities of Cal B. Wright, by producing for inspection and copying all of the books, records, papers, and other data described in the summons, no later than 7 days after entry of this Judgment.