787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LOUIS TRAYLOR, JAMES B. DURSTON and LUELLA DURSTON,
Petitioners-Appellants,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-5292
 United States Court of Appeals, Sixth Circuit.
 3/21/86
 
 AFFIRMED
 W.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 Before: ENGEL, MILBURN and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs Louis Traylor and Luella and James M. Durston appeal from the district court's order dismissing their motion to quash a third-party recordkeeper summons issued by the Internal Revenue Service (IRS). We affirm the district court's dismissal.
 
 
 2
 During 1983, revenue agents of the IRS conducted a tax liability audit on the income tax records of Luella and James Durston for the tax years 1979 through 1983. During this audit, agents were given access to the Durston's business documents. On April 10, 1984, Special Agent McNeece issued a summons to appellant Traylor, the Durston accountant, as part of a criminal fraud investigation, seeking all of the Durstons' records in Traylor's possession relating to the Durstons' tax liability for the years 1980 through 1982.
 
 
 3
 Appellants filed a motion to quash the summons in district court, claiming that the IRS already had the information requested in the documents, and that the purpose of the summons was to harass them into a settlement of their civil liability. At the evidentiary hearing in support of the motion to quash, Special Agent McNeece testified that the IRS did not have the requested documents in its possession. He earlier filed an affidavit to the same effect. The district court dismissed plaintiff's motion to quash and ordered the summons enforced.
 
 
 4
 The enforcability of a summons is governed by the requirements of United States v. Powell, 379 U.S. 48, 57-58 (1960). The government has the burden of establishing (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry may be relevant to that purpose, (3) that the information sought is not already within the commissioner's possession, and (4) that all administrative steps required by the code have been followed. Once the government has satisfied its burden, the burden shifts to the taxpayer to prove that one of the Powell requirements has not been met. United States v. LaSalle National Bank, 437 U.S. 298, 316 (1978). Here, petitioner claims that the third requirement was not satisfied because the government had the requested information in its possession. In support of this assertion, petitioners point out that James and Luella Durston were subject to an on-site audit in 1983 and 1984, cov ring the tax years 1979 through 1983. The audit took six to eight months and the Durstons were assisted by Mr. Traylor. They maintain that the documents requested in the summons were made available to the revenue agent in this investigation. While that is undisputed, it appears that, based on the review of the documents provided, the revenue agent determined that there were indications that the taxpayers had fraudulently understated their income. He, therefore, referred the case to the criminal division. Following this referral, Special Agent McNeece issued the contested summons for the petitioners' tax records.
 
 
 5
 Petitioner relies on United States v. Pritchard, 438 F.2d 969 (5th Cir. 1971), in which the court found that the commissioner had failed to establish that the requested material was not in his possession. The Fifth Circuit has given Pritchard a narrow construction.
 
 
 6
 We view the requirement in this circuit to be that the taxpayer must show that the government actually possesses the information summoned, such that the enforcement of a summons is 'unnecessary' as that term is used in Sec. 7605(b) of the code.
 
 
 7
 United States v. Texas Heart Institute, 755 F.2d 469, 476 (5th Cir. 1975) (Emphasis in original.)
 
 
 8
 Appellants have presented no evidence to contradict Special Agent McNeece's affidavit and testimony that the requested information in the summons was not in the actual possession of the government. It has been shown only that the government has previously had the opportunity to fully inspect the requested records. That is not a sufficient basis to uphold a challenge under Powell to the IRS summons in this case.
 
 
 9
 We affirm the order of the district court.