**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-30894

ZUGERESE TRADING LLC; HARBOR BAY FUND LLC,

Plaintiffs - Appellants,

v.

INTERNAL REVENUE SERVICE, United States of America, Department of the Treasury,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
2:08-CV-936

Before KING, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs–appellants Zugerese Trading LLC and Harbor Bay Fund LLC (collectively, "Petitioners") appeal the district court's denial of their petition to quash an IRS summons—issued pursuant to 26 U.S.C. § 7602—and grant of the IRS's motion to enforce the summons. Additionally, Petitioners assert that the district court erred by refusing to conduct an evidentiary hearing and to permit discovery before denying the petition to quash. We conclude that the IRS has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

made a prima facie showing that it has satisfied the *Powell*[1] factors and that Petitioners have failed to meet their heavy burden of rebutting that showing. *See Mazurek v. United States*, 271 F.3d 226, 229–30 (5th Cir. 2001). Additionally, the district court did not abuse its discretion in foregoing an evidentiary hearing and preliminary discovery in this case. *See id.* at 234–35. Thus, we affirm the rulings of the district court for the following reasons:

1. The IRS succeeded in meeting its minimal burden of making a prima facie showing of the *Powell* factors. Despite Petitioners' contentions to the contrary, Agent Larry Weinger's statements were sufficient to make this showing. *See Hintze v. IRS*, 879 F.2d 121, 126 (4th Cir. 1989) ("In order to establish a prima facie case . . ., the IRS need only present an affidavit of an agent involved in the investigation averring the *Powell* good faith elements." (internal quotation marks omitted)).

2. Petitioners fail to persuade us that the IRS summons is not relevant to a legitimate purpose. The concept of relevance under § 7602 is broader than that under the Federal Rules of Evidence. *See United States v. Arthur Young & Co.*, 465 U.S. 805, 813–14 & n.11 (1984); *United States v. Linsteadt*, 724 F.2d 480, 482 (5th Cir. 1984). Thus, we find unavailing Petitioners' argument that the IRS cannot rely on the 2007 Coordinated Issue Paper because the transaction described there does not exactly match the transaction in question here. Similarly, we are unconvinced that the alleged statements of IRS auditors—that the efforts of the president of Petitioners' tax matters partner in an earlier, separate audit were "sincere"—indicate that the IRS has no legitimate basis for its current investigation. Further, the arguments made in *Klamath Strategic Investment Fund ex rel. St. Croix Ventures v. United States*, —F.3d—, No.

---

[1] *United States v. Powell*, 379 U.S. 48 (1964).

07-40861, 2009 WL 1353118 (5th Cir. May 15, 2009), do not preclude all of the possible theories under which the IRS seeks to disallow the losses in this case. Finally, the summons is not overly broad because it describes the requested material with sufficient particularity to permit the summoned party to respond adequately. *See Linsteadt*, 724 F.2d at 483; *see also Adamowicz v. United States*, 531 F.3d 151, 157–58 (2d Cir. 2008).

3. Petitioners assert that the IRS already possesses the documents it seeks in the summons. That is not the case, however; while Petitioners point to related documents that they claim the IRS has already received, they do not argue that the IRS possesses the specific documents sought by the summons. *See United States v. Davis*, 636 F.2d 1028, 1037 (5th Cir. Unit A 1981); *PAA Mgmt., Ltd. v. United States*, No. 91-C-168, 1992 WL 346314, at *5 (N.D. Ill. Nov. 19, 1992).

4. We also find no error in the district court's conclusion that enforcement of the summons does not constitute an abuse of the court's process. First, Petitioners have not shown that the IRS abandoned the goal of ascertaining the correct tax liability of Zugerese Trading LLC by issuing a final partnership administrative adjustment. *See PAA Mgmt., Ltd. v. United States*, 962 F.2d 212, 217–19 (2d Cir. 1992); *PAA Mgmt., Ltd. v. United States*, 817 F. Supp. 425, 426–27 (S.D.N.Y. 1993). Second, Petitioners' argument—that the issuance of the summons by the IRS was somehow improper because it would likely elicit a motion to quash that, in turn, would toll the limitations period applicable to assessing tax liability—is unsupported by any authority and fails to take into account the issuance of the final partnership administrative adjustment (which did toll the limitations period). And third, the record does not support Petitioners' contention that the IRS issued the summons as a form of harassment by putting pressure on the taxpayer to settle a collateral

dispute, *see United States v. Bisceglia*, 420 U.S. 141, 146 (1975), or by seeking to extort records from Petitioners' counsel, *see United States v. Equitable Trust Co.*, 611 F.2d 492, 500 (4th Cir. 1979).

5.  We cannot say that the district court abused its discretion by foregoing an evidentiary hearing and preliminary discovery before denying the petition to quash and granting the motion to enforce the summons. Summons proceedings must be summary in nature, *see United States v. Stuart*, 489 U.S. 353, 369 (1989), and an evidentiary hearing and discovery are not required in each and every case, *see Mazurek*, 271 F.3d at 234; *Harris*, 628 F.2d at 879. Petitioners claim that a hearing and discovery are necessary to support their assertion that the IRS issued the summons for an improper purpose. *See United States v. Se. First Nat'l Bank*, 655 F.2d 661, 667–68 (5th Cir. Unit B 1981*).* However, the information they propose to find from such proceedings—to the extent they made such a proffer to the district court—is clearly aimed at arguments underlying the merits of the tax issue to be litigated in Tax Court and not at the issue pertinent in these proceedings—the good faith of the IRS in issuing the summons, *cf. Mazurek*, 271 F.3d at 235. In other words, Petitioners' challenges fail to raise in a substantial way the existence of deficiencies in the summons proceedings. *See United States v. Harris*, 628 F.2d 875, 879 (5th Cir. 1980); *United States v. Newman*, 441 F.2d 165, 169 (5th Cir. 1971).

6.  Finally, we are unpersuaded by Petitioners' assertion that the district court erred by failing to deem certain of their unchallenged allegations admitted by the IRS. While the Federal Rules of Civil Procedure apply in summons proceedings, they are not as inflexible as Petitioners would have them. *See Donaldson v. United States*, 400 U.S. 517, 528 (1971); *see also* FED. R. CIV. P. 81(a)(5). The IRS sufficiently

responded to the petition to quash the summons with a motion to enforce the summons.  *See* 26 U.S.C. § 7609(b)(2)(A); *Good Karma Trading, LLC v. United States*, No. 07-CV-01688, 2008 WL 4879164 (D. Colo. Sept. 29, 2008).

AFFIRMED.